Drake, Ch. J.,
delivered the opinion of the court:
The petition in this case did not show on its face the time when the alleged cause of action accrued.
The defendants pleaded to it the statute of limitation; but *375 tbe plea was not filed within the time prescribed by the then existing rule of the court. The claimant moved to strike out the plea, because it had not been filed within the prescribed time. The motion was overruled, because, in the judgment of the court, no plea of limitation was necessary; but as one had been filed, it was entitled to remain on file.
At the time of the announcement of the judgment on that motion the court made an amendment of its rules in the folio w-iug terms:
“ If upon the face of the petition the claim seems to have first accrued more than six years before the petition was filed, the claimant must aver therein the existence and period of duration of some disability, recognized by law, which prevented his filing his petition within that time; in default whereof, it will be considered that no such disability existed, and the petition may be dismissed on motion. The averments in regard to any such disability shall be held to be put in issue by the general traverse.
“ If upon the face of the petition the claim does not seem to have first accrued more than six years before the petition was filed, but the fact appears in evidence, the defendants may take advantage thereof at any time by motion; but, upon the claimant’s request, leave will be granted to him to amend the petition by averring the existence and' duration of a disability and to make proof thereof.”
In consequence of the adoption of this rule, the claimant amended his petition by adding‘thereto the following clauses:
“ 1st. That the contract in the petition mentioned was made and entered into some years prior to the filing of the petition, to wit, on or about the first of November, 1865; and the refusal of the quartermaster, acting for and on behalf of the United States, to pay the claimant the said stipulated compensation for the said service contracted for, after the said sunk steamer had been raised and placed on or at the wharf in Mobile Bay, as in the petition is averred, took place and occurred some years ago, to wit, on or about the last day of December, 1865.
“2d. That by virtue of the 12th section of the statute of the 3d of March, 1863, for the reorganization of the Court of Claims, it was provided that, in order to authorize the said court to render a judgment in favor of any claimant, if a citizen of the United States, it should be set forth in the petition that the claimant had at all times borne true allegiance to the Government of the United. States, and, whether a citizen or not, that he had not in any way voluntarily aided, abetted, or given encouragement to rebellion against the said government. And the rules of the Court of Claims, in conformity with said statute, *376 made it an essential requisite that tlie petition setting forth the above fact should be verified on oath.
“ This claimant, therefore, being under the disability in the petition mentioned, could not institute his suit within the jurisdiction of this court on a petition verified on oath until the said disability Avas removed by the general pardon and amnesty of the 25th day of December, 1868.”
To the petition as thus amended the defendants demur; and the question raised by the demurrer is whether the- amendment avoids the statute of limitation by setting up a recognized legal disability on the part of the claimant to bring the suit within six years after the claim first accrued.
It now appears by the amended petition that the cause of action accrued on or about the last day of December, 1865, but the original petition was not filed until the 22d of November, 1872; more than six years after the cause of action is averred to have accrued.
It follows, therefore, that the claimant cannot maintain his action, unless the disability set up in the second clause of his amendment to the petition be such as to prevent the statute from running in bar of his claim.
The disability which he avers is, in substance, that he was a rebel during the war of the rebellion, and therefore could not make oath to a petition in this court averring that he had at all times borne true allegiance to the Government of the United States, and had not in any way voluntarily aided, abetted, or given encouragement to rebellion against the said government.
This presents the same question that was before us in Sierra?» Case (9 C. Cls. R., 224), where we held that a rebel cannot avoid the effect of the limitation by setting up his own voluntary self-disqualification, through his acts of rebellion, to sue in this-court..
The only disqualifications recognized by the law as avoiding the bar of the limitation are set forth in the proviso to the tenth section of the Act March 3,1863 (12 Stat. L., 765, §10, ch. 92) as follows:
“And provided further, That the claims of married women first accrued during marriage, of persons under the age of' twenty-one years first accruing during minority, and of idiots, lunatics, insane persons, and persons beyond seas .at the time the claim accrued, entitled to the claim, shall not be barred if the petition be filed in the court, or transmitted, as aforesaid, within three years after the disability has ceased; but no other- *377 disability than those enumerated shall prevent any claim from being barred, nor shall any of the said disabilities operate cumulatively.”
Here not only are the disabilities enumerated which may avoid the limitation, but it is expressly declared that “no other disability than those enumerated shall prevent any claim from being barred.”
The disability here pleaded is plainly no barrier to the operation of the limitation; and it follows that the amended petition shows that the claimant has no cause of action which can be-maintained in this court; and the petition must therefore be-dismissed.